MATTER OF VACCARELLO

In Section 212(g) Proceedings

A-13825532

*Decided by Officer in Charge November 27, 1964*

In the absence of persuasive, appealing factors, application for waiver, pursuant to section 212(g), Immigration and Nationality Act, as amended, of excludability under sections 212(a)(9) and (10) of the Act, is denied, in the exercise of discretion, in the case of an alien who was convicted in Italy in 1948 of the crime of continued extortion, in association with 14 other men in an operation bearing strong resemblance to the activities of an organized criminal band.

The applicant is a male, native and citizen of Italy, born in Aragona, Agrigento, Italy, on June 14, 1902. He was married on April 23, 1924, in Aragona to Carmela Salamone, a fifty-seven year old native and citizen of Italy. They live together in Vittoria, Ragusa, Italy.

This is the first and only marriage for both the applicant and his spouse. Satisfactory documentary evidence of marital history and the naturalization of his son, Domenico Vaccarello, was presented.

The applicant has the following children, all born in Italy: (1) Maria, born January 25, 1925; (2) Vincenzo, born August 30, 1928; and (3) Domenico, born March 8, 1931.

Maria was lawfully admitted to the United States for permanent residence three years ago and resides with her resident alien spouse in Chicago, Illinois. Vincenzo is married to a school teacher and resides in Vittoria, Ragusa, Italy. Domenico, married to a United States citizen, was naturalized in 1963 and resides in Patterson, New Jersey.

The applicant, who has never been to the United States, was found by the consular officer to be eligible for a visa for permanent residence in all respects except for excludability under sections 212(a)(9) and (10) of the Immigration and Nationality Act.

In testimony before an officer of this Service on October 6, 1964,

at Palermo, Italy, the applicant testified that the following record of conviction related to him:

On June 26, 1948, sentenced by the Court of Assizes of Ragusa to five years and four months' imprisonment and twenty-four thousand lire fine for continued extortion.

According to the official court record, the applicant was accused of having written threatening letters for the purposes of extortion, and of attempted kidnapping, in association with fourteen other men in an operation bearing strong resemblance to the activities of an organized criminal band. The depredations of this band caused wide-spread terror in the southeastern portion of the island of Sicily during 1945 and 1946. Fifteen members alleged to have been members of the band were arrested and eventually brought to trial on June 26, 1948, in the Court of Assizes, Ragusa. Among the crimes for which various defendants were convicted were, extortion letters, attempted kidnapping, destruction of property by means of military mines, dynamite, and hand grenades. The applicant was convicted of aggravated extortion, in that, he had been involved in the forwarding of threatening letters to the victims. The court noted in its decision that the applicant had received a sum of three hundred thousand lire from one of the victims and had kept, for his own use, a portion more than that to which he was entitled, thus cheating his co-conspirators. The court record was replete with accounts of activities which are the mark of criminal conspirators, such as the bombing and dynamiting of homes of intended victims who were reluctant to accede to the demands of the extortionists. Of the numerous crimes ascribed to the fifteen members of the band arrested and tried, the applicant was convicted of aggravated extortion. He was sentenced to five years and four months' imprisonment and a fine of twenty-four thousand lire.

In describing the circumstances surrounding the conviction, the applicant testified that, for business reasons and because he did not enjoy "good relationship" with the local police, he had been the innocent victim of machinations by business associates and the police. He emphatically denied any complicity in the crime for which he was convicted, or any association with the fourteen co-defendants in his trial. He testified further that he had never committed the crime for which he was convicted, nor any other act or offense which might render him inadmissible to the United States, or subject him to criminal prosecution.

The applicant testified that he is a truck-farmer, operating his own small acreage of vegetables. In 1963 he earned a total of five hundred thousand lire, plus the vegetables his own family consumed.

He stated that, in the event he is granted a waiver, his wife would accompany him to the United States. According to the applicant, his son Vincenzo, who is married to a school teacher, intends to remain in the small town of Vittoria close to the home occupied by the applicant and his spouse. He testified that since his son, Domenico, had been admitted to the United States, he had received nothing in the way of financial support from him. He claimed, however, to be self-sufficient with his earnings.

The applicant's son, Domenico Vaccarello, was interviewed by a Service officer on March 30, 1964, at Newark, New Jersey, and cor-roborated his statements relative to their family history. He stated that he was aware of his father's ground of excludability, but that it was his desire that he be permitted to join him in the United States.

Domenico Vaccarello testified that he is steadily employed and has other substantial assets, and that he was willing and able to assume the financial obligation to support the subject in the event he is admitted to the United States. He testified further that the hardship he was suffering involved the age of the subject and the subject's spouse, and the difficulty that they were experiencing in sustaining themselves. He added that he would like to have the subject and his wife come to the United States so they could see their grandchild. He also indicated it would be an additional financial burden to him if, in addition to supporting his own family, he might have to contribute to support his parents in Italy.

Records of other investigative agencies were checked with negative results regarding the applicant and his son.

The ground of excludability which presently bars the applicant from admission was the result of a conviction of a crime stemming from activities of a group of individuals who evidently had banded together for the express purpose of planning and executing crimes of a nature peculiarly adapted to the gang concept. The methods commonly used by the gang to achieve its objectives were those extremely repugnant to men of good will, and familiar with democratic traditions. The vicious threat of physical injury, kidnapping, or damage to property, has been recognized for many years as the evil tool of this particularly despicable type of criminal. Manifestations of this type of criminality are all too evident today, unfortunately, both in Sicily and in the United States.

In spite of the weight of evidence which led to the conviction of the applicant with his fourteen co-defendants, he stoutly maintained that he had been innocent and that he was the victim of the animosity of individuals because of business and personal reasons. The

23

official court record strongly contradicts this self-serving statement. The applicant's intransigent attitude concerning his conviction, and his attempt to re-try his case before the interviewing officer would tend to invalidate an assumption of his reformation and rehabilitation.

In view of the type of criminal background relating to the applicant, it is not entirely certain that his admission to the United States would not be contrary to the national welfare, safety, and security of the nation. With regard to the hardship alleged by the applicant's son, it cannot be regarded as within the purview of the "extreme" hardship contemplated by the statute. The applicant resides adjacent to a son who has never actually been seperated from him.

In view of the absence of persuasive, appealing factors and the presence of many that are derogatory, the application will be denied as a matter of discretion.

ORDER: It is ordered that the application of Domenico Vaccarello for a waiver of excludability under paragraphs (9) and (10) of section 212(a) of the Immigration and Nationality Act, be and is denied, pursuant to the authority contained under section 212(g) of the Immigration and Nationality Act.